ORDER ON APPELLANTS’ MOTION TO CORRECT INITIAL BRIEF
PER CURIAM.
Employer/carrier, appellants in this workers’ compensation appeal, served their initial brief on January 29, 1993. On February 16, 1993, appellants moved to correct the initial brief. They brought to our attention typographical errors on four different pages of the brief, and provided this court, as attachments to the motion, a single copy of each of the four pages with the errors corrected. Although we have received no timely response or objection from appellee to the motion,[1] we deny it without prejudice.
The amending of briefs is a common occurrence in this court. Briefs are stricken on the court’s own motion and on the motion of the opposing party and amended briefs are required. Other times, as here, a party discovers one or more deficiencies in its own brief and requests leave to amend. Up to now, this court has not had a consistent policy as to how amendments to briefs may be accomplished. We find, however, that the method requested by appellants in this cause is unacceptable in impliedly asking that additional copies of the substituted pages be made by court staff and substituted for the original pages in the briefs now on file. We do not have the staff resources to perform such tasks nor are we willing to accept the responsibility for errors that *615 might occur in the process. Accordingly, commencing with our disposition of the instant motion and in the future, any party moving this court to amend its brief must accompany the motion with an original and three copies of the amended brief, as required by Florida Rule of Appellate Procedure 9.210(h)(2). Similarly, any party required to serve an amended brief due to the striking of a brief on motion of the court or an opponent shall also file an original and three copies of the amended brief. Copies of the amended brief are required to be served on every other party of record in accordance with Rule 9.420(b).
Appellants motion is denied without prejudice to their right to serve an amended motion accompanied by an original and three copies of the proposed amended initial brief.
JOANOS, C.J., and SMITH and WOLF, JJ., concur.

. Counsel for appellants did not, as permitted by Florida Rule of Appellate Procedure 9.300(a), certify that opposing counsel was contacted regarding any objection to the motion. The certificate of service on the motion failed to specify the method of service, and we therefore assumed it was served by mail. Rule 9.300(b) permits a party to serve a response to a motion within ten days of its service, and Rule 9.420(d) provides for an additional five days where the antecedent document is served by mail. Rule 9.420(b) provides that original papers shall be filed either before service or immediately thereafter. We delayed our consideration of the motion for á time sufficient to allow appellee to file a response to it.